United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-60374
Summary Calendar

PEGGY JO BOLIVER,

Plaintiff-Appellant,

v.

AMERICAN TELEPHONE & TELEPHONE COMPANY, ETC; ET AL,

Defendants,

BELLSOUTH PENSIONS SERVICE CENTER; ET AL,

Defendants-Appellees.

Appeal from the United States District Court for the
Southern District of Mississippi, Jackson
3: 04-CV-750

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Peggy Jo Boliver challenges the district court's grant of
summary judgment for Bellsouth Telecommunications, Inc.
("Bellsouth"). Boliver argues that the district court erred by
reviewing her denial of disability pension benefits for abuse of

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

discretion. Boliver also argues that even if the abuse of discretion standard applies, it was an abuse of discretion to find that she was not entitled to a disability pension. We AFFIRM.

Boliver worked for South Central Bell Telephone ("SCB")from 1957 until her termination on November 23, 1975. Boliver alleges that she was totally and permanently disabled due to a herniated disk in May, 1974, and received sickness disability benefits until the time of her termination more than a year later. At that time, SCB offered a pension plan that allowed employees to collect disability pension benefits if they satisfied certain requirements, including the completion of at least fifteen years of service and the receipt of 52 weeks of sickness disability benefits.

Boliver filed a claim for disability pension benefits with Bellsouth, the successor in interest to SCB, on August 28, 2003, nearly three decades after her termination. The director of the retirement plan denied Boliver's claim on January 5, 2004, and she appealed to the Employee's Benefit Claim Review Committee ("EBCRC"). The EBCRC denied Boliver's claim on June 7, 2004, and she appealed to the district court, which granted summary judgment for Bellsouth. We review the district court's grant of summary judgment *de novo* under the same criteria that governs that court's consideration of whether summary judgment was appropriate. *Atkins v. Hibernia Corp.*, 182 F.3d 320, 323 (5th Cir. 1999).

Boliver argues that the district court should have reviewed

2

the EBCRC's denial of her claim under a less deferential standard than abuse of discretion. The pension plan in question is covered by the Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), under which the standard for reviewing a plan administrator's decision can be either abuse of discretion or *de novo* depending on whether the plan gives the administrator discretionary authority to determine eligibility for benefits. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). We need not determine what type of plan this is, however, because the disputed issue is whether Boliver received 52 weeks of disability benefits during 1974 and 1975 — a purely factual determination. "[A] plan administrator's factual determinations are always reviewed for abuse of discretion[.]" *Vercher v. Alexander & Alexander, Inc.*, 379 F.3d 222, 225 (5th Cir. 2004).

Because this is an ERISA case, however, the abuse of discretion standard is still not necessarily as deferential as it ordinarily would be. "The existence of a conflict is a factor to be considered in determining whether the administrator abused its discretion in denying a claim. The greater the evidence of conflict on the part of the administrator, the less deferential our abuse of discretion standard will be." *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 297 (5th Cir. 1999). A conflict of interest exists, and the court must apply this "sliding scale" standard of review when "the plan administrator is self-interested,

3

i.e. the administrator potentially benefits from every denied claim." *Id*. at 295.

Boliver argues that a conflict existed, and that the district court should have therefore applied a less deferential standard of review. However, Boliver presented no evidence of a conflict beyond making the conclusory allegation that the claim administrator and Bellsouth are the same entity. In the context of a corporate benefit plan, we do not automatically assume that a conflict of interest arises every time paid personnel of a corporation evaluate claims for benefits. *MacLachlan v. ExxonMobil Corp.*, 350 F.3d 472, 479 n.8 (5th Cir. 2003). Moreover, the plaintiff has the burden of producing evidence that a conflict exists. *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 271 n. 18 (5th Cir. 2005). Boliver has failed to meet her burden of producing evidence of a conflict, and the district court was correct in reviewing the EBCRC's ruling for abuse of discretion.

Finally, Boliver argues that the district court erred by not finding that the EBCRC abused its discretion when it denied her claim for benefits. The plaintiff has the burden of proving that she is eligible to receive the benefits, *Kirschenheuter v. Bd. of Trustees of the GSC-ILA Pension Plan & Trust*, 341 F.Supp.2d 624, 628 (S.D. Miss. 2004), but the only proof offered by Boliver was her earnings statement, her own affidavit claiming to have received

the benefits, and a certificate and letters from a doctor stating that she was indeed sick.

The earnings statement shows that she did not receive income in the third and fourth quarters of 1974, but does not prove that she received disability benefits during that time, and provides no information at all for 1975. The affidavit is self-serving and lacks any details verifying her receipt of the benefits. The doctor's materials simply reinforce the undisputed fact that Boliver was injured. Accordingly, it was not an abuse of discretion for the EBCRC to find that Boliver failed to meet her burden of proving her eligibility for the benefits.[1] Because we find that the EBCRC did not abuse its discretion, we need not reach Bellsouth's argument that Boliver's claim is barred by the doctrine of laches.

For the foregoing reasons, we AFFIRM the district court.

---

[1]Even were we to review the decision under a less deferential standard, Boliver would still fail to meet her burden to prove her eligibility.

5